**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE SNAPCHAT ACCOUNT SERVICED BY SNAP, INC. | ML No. 19-1117 |

*Reference:*   *DOJ Ref. # CRM-182-67552; Subject Account: M4TI3L*

**APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Agreement between the United States of America and the Republic of Poland on the Application of the Treaty between the United States of America and the Republic of Poland on Mutual Legal Assistance in Criminal Matters signed 10 July 1996, pursuant to Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed at Washington 25 June 2003, Pol.-U.S., June 9, 2006, S. TREATY DOC. NO. 109-13 (2006) (hereinafter, the "Agreement"), to execute a request from the Republic of Poland ("Poland").  The proposed Order would require Snap Inc. ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Venice, California, to disclose certain records and other information pertaining to the PROVIDER account associated with M4TI3L, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order.  The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order.  In support of this application, the

United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1. PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. Pursuant to the applicable treaty, this Court has jurisdiction to issue the proposed Order. *See* Agreement Annex art. 5(1) (authorizing courts to issue orders necessary to execute the request). In addition, this Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3. Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1). This application to execute Poland's request has been duly authorized

by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application. The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Poland in connection with a criminal investigation and/or prosecution.

4. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

5. Authorities in Poland are investigating an unknown suspect for extortion offenses, which occurred in July and August 2018, in violation of the criminal law of Poland, specifically, Article 191 of the Polish Criminal Code. A copy of the applicable law is appended to this application. The United States, through the Office of International Affairs, received a request from Poland to provide the requested records to assist in the criminal investigation and/or

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

prosecution. Under the Agreement, the United States is obligated to render assistance in response to the request.

6. According to authorities in Poland, between July 27, 2018 and August 2, 2018, a fifteen-year old female (the "victim") residing in Poland communicated via Snapchat with an unknown individual (the "suspect") who was using the Snapchat account M4TI3L. During their communications, the victim sent partially nude photographs of herself, including a picture of herself wearing only her bra, underwear, and socks, to the suspect. The victim also sent a video of herself putting a banana in her mouth.

7. After the suspect received the photographs and video, the suspect began threatening the victim that if she did not do what he wanted, he would publish the images. Specifically, the suspect stated "I won't upload this, and this will remain between you and your girlfriend . . . But on condition . . . That you do what I want for around 3 months, of course, not every day. I ask you for something, and you do this. OK?" After the victim protested, the suspect stated, "Fuck, I don't give a damn about this . . . I'm waiting for your answer yes or no . . . I don't intend to publish this if we make a deal." The victim did not comply, and Polish authorities have no knowledge that the images were published by the suspect.

8. The Snapchat account M4TI3L is serviced by PROVIDER. Polish authorities seek records from PROVIDER in an effort to locate the suspect and further determine the nature and scope of the suspect's criminal activities.

### REQUEST FOR ORDER

9. The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help authorities in Poland

identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity.  Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

    Respectfully submitted,

    VAUGHN A. ARY
    DIRECTOR
    OFFICE OF INTERNATIONAL AFFAIRS
    OK Bar Number 12199

By: _____
    Martyna Pospieszalska
    Trial Attorney
    NY Bar Number 5018528
    Office of International Affairs
    Criminal Division, Department of Justice
    1301 New York Avenue, N.W., Suite 800
    Washington, D.C.  20530
    (202) 598-8012 telephone
    (202) 514-0080 facsimile
    Martyna.Pospieszalska@usdoj.gov

**Relevant Provision of the Polish Criminal Code**

**Article 191[1]**
(1) Whoever applies violence with respect to a person or unlawful threat for the purpose of forcing another person to a certain action, desistance or endurance, is subject to a penalty of imprisonment for up to 3 years.

---

[1] According to Polish authorities, an offense under Article 191(1) is still committed even when the individual being threatened does not capitulate to the threat and/or the threat is not carried out. Specifically, Polish authorities indicate that "forcing . . . is committed at the moment when the offender uses the means specified in the Act, *i.e.* violence against a person or an unlawful threat, regardless of whether the victim behaved in the manner to which the offender forced them."